UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALPHONZIA JACOBS,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & WESSON INC.,<br><br>Defendant. | Case No. 3:26-cv-30045 |

**DEFENDANT SMITH & WESSON INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Smith & Wesson Inc. ("Smith & Wesson") submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint. Plaintiff's claims, by his own allegations, are barred by the applicable statutes of limitations or otherwise precluded as a matter of law. As a result, the Court should dismiss Plaintiff's Complaint with prejudice.

## Introduction

Plaintiff is a former Smith & Wesson employee whose employment was terminated on October 10, 2022, after he exhausted his approved medical leave and failed to return to work or provide medical documentation for an extension of his leave. Plaintiff did not bring suit until October 20, 2025, more than three years after his termination.[1]

Plaintiff's "Complaint" purports to identify a wide range of perceived slights Plaintiff allegedly endured during his ten-year employment at Smith & Wesson. Plaintiff attributes the majority of those incidents to discrimination based on his age, race, and/or color, or to unlawful

[1] Plaintiff filed suit in Massachusetts Superior Court, Hampden County, on October 20, 2025. Smith & Wesson was not served with the Complaint until February 19, 2026. Subsequently, Smith & Wesson removed the case to this Court on March 20, 2026, based on federal-question jurisdiction.

retaliation. Plaintiff also claims that Smith & Wesson unlawfully interfered with his medical leave, including by repeatedly asking him for medical documentation he had already provided.

Even if Plaintiff's allegations were taken as true, it is clear that his claims are time-barred or otherwise legally insufficient. The latest wrongful act he alleges – Smith & Wesson's termination of his employment on October 10, 2022 – took place more than three years before Plaintiff filed this action. As a result, Plaintiff's claims are beyond the applicable limitations periods under the statutes his Complaint invokes – *i.e.,* the Massachusetts Fair Employment Practices Act (M.G.L. c. 151B), the Family and Medical Leave Act ("FMLA"), and the Massachusetts Paid Family and Medical Leave ("PFML") statute.[2] Accordingly, the Court should dismiss Plaintiff's Complaint.

**Plaintiff's Allegations**

"The Court construes *pro se* pleadings liberally and is prepared to 'apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name.'" Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 648 (E.D. Pa. 2010) (quoting Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003)); see also Livingston v. BJ's Wholesale Club, Inc., 625 F. Supp 3d 1, 2 (D. Mass. 2022) ("Plaintiff's *pro se* status 'militates in favor of a liberal reading of his pleading.'") (quoting Rodi v. S. New Eng. Sch. Of Law, 389 F.3d 5, 13 (1st Cir. 2004)); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (noting that in a *pro se* case, "the court may intuit the correct cause of action, even if it was imperfectly pled").

Based on a liberal reading of the Complaint, Plaintiff is asserting claims under M.G.L. 151B for alleged age, race, and color discrimination and unlawful retaliation. Plaintiff also

---

[2] As detailed *infra*, insofar as Plaintiff seeks to raise a claim under the Massachusetts consumer protection statute, M.G.L. c. 93A, that claim likewise fails as a matter of law, as c. 93A does not extend to claims arising from the employment relationship.

appears to allege that Smith & Wesson violated his rights under the FMLA and the Massachusetts PFML statute.

On page 1 of the Complaint, Plaintiff states: "Please find the following written testimony of discriminatory practices during my 10-year employment at Smith & Wesson, Inc." Plaintiff's Complaint continues, as follows:

> This document will connect an abundance of mandated reporters complacent with hostility and aversion, minimizing unwarranted aggression towards persons of color, including me.
>
> I don't believe that the turn of events that will be described in this document is coincidental; on the contrary, my age and race were major contributors to the way I was treated.
>
> [T]his document will contradict elements of Smith & Wesson Inc.'s ability to provide a work environment free of unlawful discrimination and harassment. As a matter of fact, upon conclusion, I believe you will find that Smith & Wesson, Inc. is libel (*sic*) for engaging in a continuous campaign to marginalize my employment as a Black man.
>
> Ultimately, I regret spending a decade working diligently for a company that, upon reflection, seems to undervalue and view Black and Brown employees as expendable.
>
> It is also my assertion that my engineering leadership fell unresponsive to concerns of compensation, and harassment, and responded in a discriminatory fashion when they retaliated against me by ending my employment … Leaving me feeling powerless to disparities spawned by racial inequities.

Tab A, appended hereto (relevant portions of Plaintiff's Complaint).

Over the next several pages of the Complaint, Plaintiff recounts various inequities he purportedly suffered in the workplace due to alleged discrimination or retaliation, such as pay disparity, discouragement of union activity, failure to follow manufacturing protocols, insubordination by colleagues, supervisory misconduct and preferential treatment of others. Most notably, Plaintiff references a noose being found in the workplace. Tab B, appended hereto

(relevant portions of Plaintiff's Complaint). However, by Plaintiff's own account, that event took place in 2017, approximately eight and-one half years before Plaintiff brought suit.

Smith & Wesson's alleged interference with Plaintiff's medical leave rights is another recurring theme of the Complaint. In particular, Plaintiff claims that Smith & Wesson wrongfully denied him an extension of his FMLA/PFML leave, and that Smith & Wesson's third-party benefits administrator, The Standard, "requested to have my doctor fill out the same forms over and over and over again" while Plaintiff was on leave. Tab C, appended hereto (relevant portions of Plaintiff's Complaint). The remainder of Plaintiff's Complaint simply describes typical interactions among employees in a manufacturing environment, to which Plaintiff ascribes invidious motives.

As Plaintiff discloses on page 1 of his Complaint, this case originated in the Massachusetts Commission Against Discrimination ("MCAD"), Docket No. 23SEM01011. A copy of the MCAD Charge is appended hereto at Tab D.[3] In the Charge, Plaintiff details his claim that Smith & Wesson improperly interfered with his medical leave rights.

Plaintiff also states in his MCAD Charge, under oath, that he received written notice from Smith & Wesson on October 10, 2022 that his employment had been terminated. Tab D, ¶ 9.[4] Plaintiff, however, did not bring suit in the Superior Court until October 20, 2025. A copy of

---

[3] The MCAD Charge is properly before the Court as part of this motion. "When a complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); see also Leung v. bluebird bio, Inc., 599 F. Supp. 3d 49, 57 (D. Mass. 2022). As Plaintiff's Complaint also refers to Smith & Wesson's "response" to the MCAD Charge, the position statement Smith & Wesson submitted to the MCAD in response to the MCAD Charge is also properly before the Court. A copy of Smith & Wesson's position statement is appended hereto at Tab E.

[4] A copy of Plaintiff's termination letter, dated October 10, 2022, is appended hereto at Tab F.

Plaintiff's Civil Action Cover Sheet, date-stamped October 20, 2025, is appended hereto at Tab G.[5]

## Argument

On a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). A *pro se* complaint survives a motion to dismiss only if it "set[s] forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). "[W]hen the pleader's allegations leave no doubt that an asserted claim is time-barred," granting "a motion to dismiss based on a limitations defense is entirely appropriate." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).

Plaintiff's M.G.L. c. 151B claims are subject to a three-year statute of limitations. M.G.L. c. 151B, § 9. Accordingly, as Plaintiff filed this lawsuit more than three years after the last alleged discriminatory action – Smith & Wesson's notifying him of his termination – those claims are time-barred. See Awadh v. Tourneau, Inc., 2018 WL 1318921, *2 (D. Mass. Mar. 14, 2018) (dismissing *pro se* plaintiff's 151B claims on limitations grounds).

Plaintiff's FMLA claims are subject to a two-year statute of limitations, unless a willful violation is found, in which case the statute of limitations is three years. 29 U.S.C., § 2617(c). Either way, those claims are similarly time-barred. See Darville v. Children's Hosp. Corp., 2013 WL 4098756, *5 (D. Mass. Aug. 14, 2013) (dismissing FMLA claims where suit was brought two days outside the limitations period). Plaintiff's claims under the Massachusetts PFML

[5] According to the Civil Action Cover Sheet filed in Superior Court (Tab G), Plaintiff also purports to assert a M.G.L. c. 93A claim, which is subject to a four (4)-year statute of limitations. For the reasons set forth below, Plaintiff's apparent c. 93A claim fails as a matter of law on other grounds.

statute fails on the same basis, as the PFML statute provides for a three-year statute of limitations. M.G.L. c. 175M, § 9(d).

Finally, Plaintiff's purported M.G.L. c. 93A claim, while subject to a four-year statute of limitations, likewise fails as matter of law, as c. 93A does not apply to claims arising in the employer-employee context. See Psy-Ed Corp. v. Klein, 459 Mass. 697, 719 (2011) (affirming that M.G.L. c. 93A "does not provide a remedy for disputes arising out of an employer-employee relationship"). Accordingly, the Court should dismiss Plaintiff's Complaint in its entirety.

## I. The Court Should Dismiss As Untimely Plaintiff's Claims Under M.G.L. c. 151B, The FMLA, And The PFML Statute

### A. Plaintiff's c. 151B Claims Are Time-Barred.

Plaintiff's Complaint details multiple instances of alleged discrimination and retaliation that Plaintiff claims to have experienced over the course of his ten years of employment at Smith & Wesson. The majority of these alleged events purportedly took place several years before Plaintiff brought suit in Superior Court. Indeed, Plaintiff devotes entire sections of his Complaint to events that allegedly occurred between 2011 and 2013, and then between 2013 and 2019. Further, the most recent discriminatory event Plaintiff alleges – the termination of his employment with Smith & Wesson – took place on October 10, 2022.

"In all events, a Chapter 151B claim must be filed in court within three years of the adverse employment action." Rae v. Woburn Public Schools, 113 F.4th 86, 99 (1st Cir. 2024) (citing G.L. c. 151B, § 9). Here, by Plaintiff's own allegation, Smith & Wesson terminated his employment on October 10, 2022 (Tab F), and Plaintiff did not bring suit until October 20, 2025 (Tab G), more than three years later. Accordingly, Plaintiff's M.G.L. c. 151B claims should be dismissed. See Goldstein v. Brigham & Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 324

(D. Mass. 2015) (dismissing M.G.L. c. 151B claims where suit was brought three years and five months following plaintiff's termination).

**B. Plaintiff's FMLA And PFML Claims Are Time-Barred.**

On May 27, 2022, Plaintiff completed an application form for medical leave under the FMLA and the PFML statute. Tab H, appended hereto (document included as part of Smith & Wesson's MCAD position statement). Thereafter, Plaintiff alleges that Smith & Wesson, through its third-party benefits administrator, The Standard, interfered with Plaintiff's leave rights by, among other things, requesting that his doctor complete the same forms again and again. On June 6, 2022, The Standard requested documentation from Plaintiff's medical provider: "Approval of your leave of absence under the [FMLA] and/or other government-mandated laws or employer policies require that we receive this form." Tab I, appended hereto (document included as part of Smith & Wesson's MCAD position statement).

On September 8, 2022, Smith & Wesson advised Plaintiff that he had exhausted his FMLA leave as of August 23, 2022, and that he had exhausted his PFML leave as of September 4, 2022. Tab J, appended hereto (document included as part of Smith & Wesson's MCAD position statement). On October 5, 2022, Smith & Wesson advised Plaintiff again, by letter and e-mail, that his FMLA leave had expired and that his continued absence was unexcused. Tab K, appended hereto (documents included as part of Smith & Wesson's MCAD position statement). On October 10, 2022, citing the expiration of Plaintiff's FMLA leave, Smith & Wesson terminated Plaintiff's employment. Tab F. Despite these clear and unambiguous communications from Smith & Wesson and The Standard, Plaintiff alleges in his Complaint that Smith & Wesson retaliated against Plaintiff for taking FMLA/PFML leave and that Smith & Wesson terminated his employment before he had exhausted his leave entitlement.

Plaintiff's claims under the FMLA and the PFML statute are likewise time-barred. The statute of limitations for an FMLA claim is two years "after the date of the last event constituting the alleged violation," unless there has been a willful violation of 29 U.S.C. § 2615, in which case the applicable statute of limitations is three years. 29 U.S.C. § 2617(c). Here, as Plaintiff himself alleges, Smith & Wesson terminated Plaintiff's employment on October 10, 2022 (Tab F). Even assuming Plaintiff could state a claim for a willful violation, then, the three-year statute of limitations bars Plaintiff's FMLA claim. See Andrews v. Massachusetts Bay Transit Auth., 872 F. Supp. 2d 108, 116 (D. Mass. 2012) (allowing motion to dismiss FMLA claim which was filed more than three years after the alleged violation). The same is true of Plaintiff's claim under the PFML statute, which also provides for a three-year limitations period. M.G.L. c. 175M, § 9(d).

**C. Statutes of Limitations Are Applied Strictly Against *Pro Se* Litigants.**

"[*P*]*ro se* status does not insulate a party from complying with procedural and substantive law." Ahmed, 118 F.3d at 890. This includes bringing suit within the applicable limitations period. See Robinson v. Brigham & Women's Faulkner Hosp., Inc., 100 Mass. App. Ct. 1109, *1 (2021) (unpublished) (concluding that "even the most forgiving assessment of the [*pro se*] complaint … fails to disclose facts that would render the complaint timely").

In Willitts v. Engie N. America Inc., 2021 WL 2322833 (D. Mass. Jun. 7, 2021), the plaintiff, proceeding *pro se*, brought suit against his former employer for alleged discrimination pursuant to M.G.L. c. 151B. Id., *6. The plaintiff's employer terminated his employment on December 6, 2016, but the plaintiff did not bring suit until June 30, 2020. Id., *2. The court dismissed the discrimination claim on limitations grounds, holding that the court "remains bound by the plain language of the statute [M.G.L. c. 151B], under which the claim is time-barred

because it is premised on alleged practices that took place more than three years before the original complaint was filed." Id., *7.

Similarly, in Heendeniya v. Hewitt Assocs., LLC, 86 Mass. App. Ct. 1105 (2014) (unpublished), the Appeals Court rejected a *pro se* plaintiff's M.G.L. c. 151B claim on limitations grounds. Id., *2. In that case, the employer terminated the plaintiff's employment on May 15, 2018. Id. The plaintiff, however, did not assert a claim under c. 151B "until August 18, 2011, three years and three months after his termination." Id. On this basis, the Appeals Court held that the lower court had properly dismissed plaintiff's M.G.L. c. 151B claim. Id.

Accordingly, even taking into consideration Plaintiff's *pro se* status, the Court should dismiss Plaintiff's Complaint on limitations grounds.

## II. The Court Should Dismiss Plaintiff's M.G.L. c. 93A Claim

Finally, on his Superior Court Civil Action Cover Sheet (Tab G), Plaintiff "checked the box" indicating that he was asserting a claim under M.G.L. c. 93A. His Complaint, however, does not set forth any allegations in support of such a claim.

Even assuming Plaintiff's checking the box on his Civil Action Cover Sheet was sufficient to raise a claim under M.G.L. c. 93A, that claim fails as a matter of law. The Massachusetts courts have made clear that c. 93A "does not apply to employer-employee disputes arising out of the employment relationship." Governo Law Firm LLC v. Bergeron, 487 Mass. 188, 195 (2021); see also Manning v. Zuckerman, 388 Mass. 8, 13-14 (1983) (holding that "[d]isputes arising out of the employment relationship between an employer and an employee are not cognizable under c. 93A"); Dedham v. FedEx Home Delivery, 766 F.3d 93, 96-97 (1st Cir. 2014) (affirming that "an employee cannot bring a suit against his or her employer under Chapter 93A"). Accordingly, Plaintiff's purported G.L. c. 93A claim should also be dismissed.

## Conclusion

For the reasons set forth herein, Smith & Wesson respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

SMITH & WESSON INC.,

By its attorneys,

/s/ *Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr. (BBO #644668)
Allison L. Cheney (BBO #712941)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
(978) 623-0900
(978) 623-0908
(adeprospo@shpclaw.com)
(acheney@shpclaw.com)

March 27, 2026

**CERTIFICATE OF SERVICE**

I, Anthony L. DeProspo, Jr., hereby certify that on the 27th day of March, 2026, I caused a true and correct copy of the foregoing document to be served via email and first-class mail, postage prepaid, upon Plaintiff:

Alphonzia Jacobs, Jr.
140 Norfolk Street
Springfield, MA 01109
alphonzia413@comcast.net

/s/Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr.