**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AUG 11 PM12:46

**ALPHONZIA JACOBS, JR.,**
*Plaintiff,*

v.

**SMITH & WESSON, INC.,**
*Defendant.*

Case No. 3:26-cv-30045-MGM

---

# PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN RESPONSE TO DEFENDANT'S RULE 56(d) DECLARATION

## I. INTRODUCTION

Defendant has not opposed the merits of Plaintiff's Motion for Summary Judgment. Rather than address the undisputed facts and legal arguments set out in Plaintiff's Memorandum of Law, Statement of Undisputed Material Facts, and Affidavit, Defendant submitted only the Declaration of Anthony L. DeProspo, Jr. (ECF No. 25) (the "Declaration"), invoking Fed. R. Civ. P. 56(d) and asserting that discovery is needed before Defendant can respond.

Notably absent from the eleven categories of facts the Declaration identifies is the single fact that resolves Count V: Defendant's own counsel's admission, made on the record, that Plaintiff was terminated for "not returning to work" while he was on approved, protected leave. (SOF ¶ 40; Aff. ¶ 40.) The Declaration does not dispute that this admission was made, does not identify any discovery bearing on it, and does not explain how depositions or documents could alter its plain meaning. That omission is telling: no discovery is needed to address a party's own admission.

For the reasons below, that admission entitles Plaintiff to partial summary judgment on liability as to Count V now. As to the remaining counts, the Declaration does not satisfy the particularized showing Rule 56(d) requires, and any relief the Court is inclined to grant should be narrowly tailored rather than a wholesale deferral of the entire record.

## II. STANDARD GOVERNING RULE 56(d) REQUESTS

Rule 56(d) permits a court to defer considering a motion for summary judgment, deny it, or allow time for discovery when the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The First Circuit requires the declarant to establish five elements: "authoritativeness, timeliness, good cause, utility, and materiality." Emigrant Residential LLC v. Pinti, 37 F.4th 717, 725 (1st Cir. 2022) (cleaned up).

Rule 56(d) "is not self-executing, but, rather, must be appropriately invoked," and is designed "to help the vigilant, not those who slumber upon perceptible rights." Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., 730 F.3d 23, 28–29 (1st Cir. 2013) (cleaned up); see also Jones

v. Secord, 684 F.3d 1, 6 (1st Cir. 2012). Where a case genuinely involves no discovery to date, the First Circuit applies these elements liberally, and denying a proper Rule 56(d) request under those circumstances can be an abuse of discretion. See In re PHC, Inc. S'holder Litig., 762 F.3d 138 (1st Cir. 2014).

Plaintiff, who is himself proceeding pro se and has likewise had no opportunity for formal discovery, does not ask the Court to disregard that guidance. Plaintiff asks the Court to apply it precisely — to identify which facts are genuinely disputed and require discovery, and which are not.

## III. ARGUMENT

### A. Count V Should Be Decided Now Because It Rests on Defendant's Own Admission, Which the Declaration Does Not Dispute or List as Requiring Discovery.

Count V turns on four facts: (1) Plaintiff was approved for, and was taking, protected MA PFML leave (SOF ¶¶ 34–35; Aff. ¶¶ 34–35); (2) Plaintiff requested a medically supported extension of that leave before his scheduled return date (SOF ¶ 38; Aff. ¶ 38); (3) Defendant terminated Plaintiff's employment during that leave period (SOF ¶ 39; Aff. ¶ 39); and (4) Defendant's own counsel admitted at a hearing that the reason for termination was "not returning to work" (SOF ¶ 40; Aff. ¶ 40).

The Declaration's list of topics needing discovery does not include this admission. It does not dispute that the admission was made, and it does not suggest that any deposition or document request could alter its meaning. That is because the admission is Defendant's own statement, made through its own counsel of record — not a fact within Plaintiff's exclusive knowledge, and not a fact that discovery could develop or undermine.

A Rule 56(d) declaration must show why the declarant "cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), but a party cannot show that it is unable to address its own attorney's own admission. Because no discovery bears on that admission, the utility and materiality elements of the Rule 56(d) standard are not met as to Count V. See Emigrant, 37 F.4th at 725. The Court can and should resolve liability on Count V on the existing record, reserving only the amount of damages for trial, as Plaintiff's Motion requests in the alternative.

### B. The Declaration Does Not Satisfy Rule 56(d)'s Particularity Requirement as to Most of the Listed Topics.

Even under the liberal standard applied where no discovery has occurred, a Rule 56(d) declaration must do more than recite a list of subjects on which discovery might theoretically be taken; it must show, for each, why the anticipated discovery is necessary to oppose the motion. The Declaration does not do this. It lists, for example, "Plaintiff's work experience at Pratt and Whitney" and "Plaintiff's alleged July 6, 2021 cardiac episode and subsequent hospitalization" without identifying what evidence Defendant expects to obtain, from whom, or how it would controvert the documentary record already before the Court — Plaintiff's own resume and award documentation for the former (SOF ¶ 9), and contemporaneous medical records for the latter (SOF ¶ 32).

Several of the listed topics concern Defendant's own conduct and are supported by Defendant's own business records, already within Defendant's possession, custody, or control: the Corrective Action Notice Defendant itself issued (SOF ¶ 27), the MATRIX file-management system Defendant itself maintains (SOF ¶¶ 13, 24), and the HR-013 policy Defendant itself authored and is bound by (SOF ¶ 30). A party does not need discovery to learn the contents of its own files, and the Declaration does not explain why it does.

To the extent the Court is inclined to allow Defendant limited time to investigate genuinely contested, third-party topics — for example, the precise content of conversations with coworkers Jim Lepage and Mike Kenney, or correspondence with the leave administrator, The Standard — Plaintiff does not object to narrow, expedited discovery limited to those topics. But wholesale deferral of the entire summary judgment record is neither necessary nor supported by the particularized showing Rule 56(d) requires.

**C. In the Alternative, the Court May Enter an Order Establishing the Facts Not Genuinely in Dispute.**

If the Court determines that some Rule 56(d) relief is warranted as to Counts I through IV or VI, Fed. R. Civ. P. 56(g) permits the Court to enter an order stating which material facts are not genuinely in dispute for purposes of trial, even where full judgment is not granted on those counts. Plaintiff respectfully requests that, at minimum, the Court treat as established for trial those facts the Declaration does not identify as requiring discovery, including but not limited to the facts underlying Count V discussed above.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) enter partial summary judgment in Plaintiff's favor on liability as to Count V, reserving the amount of damages for trial; and (2) to the extent the Court considers deferring resolution of the remaining counts under Rule 56(d), limit any such deferral to the specific, genuinely contested topics identified above, rather than the entire record, and enter an order under Fed. R. Civ. P. 56(g) establishing the facts not subject to that deferral.

Respectfully submitted,

**ALPHONZIA JACOBS, JR.**
Plaintiff, Pro Se
140 Norfolk Street
Springfield, MA 01109
(413) 244-2938
alphonzia413@comcast.net
Dated: 8/11, 2026

**CERTIFICATE OF SERVICE**

I, Alphonzia Jacobs, Jr., hereby certify that on this 11th day of August, 2026, I served a true copy of the foregoing document upon counsel of record for Defendant Smith & Wesson, Inc. by e-mail and/or the Court's ECF system, addressed to:

Anthony L. DeProspo, Jr.

______________________

Alphonzia Jacobs, Jr.