UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALPHONZIA JACOBS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:26-cv-30045 |
| SMITH & WESSON INC., | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO MOTION FOR**
**LEAVE TO FILE A REPLY MEMORANDUM**

Defendant Smith & Wesson Inc. ("Smith & Wesson") hereby opposes Plaintiff's Motion For Leave To File A Reply Memorandum in response to Smith & Wesson's recently filed Motion for Denial or Stay of Plaintiff's Motion for Summary Judgment.[1]

Plaintiff's proposed reply memorandum (the "Reply") – which Plaintiff inappropriately attaches to his motion for leave – serves no purpose. First, the proposed Reply rests on a demonstrably faulty basis, i.e., that undersigned counsel somehow conceded that Plaintiff's M.G.L. c. 175M claim has merit. On the contrary, Plaintiff's M.G.L. c. 175M claim is barred by the applicable statute of limitations. Even if the Court were to consider the claim on its merits, moreover, the documentary evidence compels dismissal of that claim.

Second, Plaintiff ignores the fact that Smith & Wesson has two pending motions to dismiss, which, if allowed, would greatly streamline the scope of this case, rendering moot the

[1] Plaintiff's claim that he was "unable to confer" with Smith & Wesson's counsel in advance of filing the motion is false. Plaintiff made no attempt to contact Smith & Wesson's counsel, despite the fact that Plaintiff and undersigned counsel have conferred via phone and email in advance of every motion Smith & Wesson has filed with the Court. Plaintiff should be compelled to follow the rules. For this reason alone, the Court should deny Plaintiff's motion for leave to file a reply.

vast majority of the purported "facts" cited by Plaintiff. In this regard, Plaintiff's summary judgment motion is, at best, premature.

## Background

Plaintiff is a former employee of Smith & Wesson. His employment was terminated on October 10, 2022, after he exhausted his approved medical leave and neither returned to work nor provided medical documentation to Smith & Wesson for an extension of his leave.[2]

Plaintiff commenced this action in Massachusetts Superior Court on October 20, 2025, more than three years after the termination of his employment. Smith & Wesson timely removed the case to this Court.

As set forth in multiple filings by Smith & Wesson in this action [ECF #5, #6, #14, #16, #17], the majority of Plaintiff's claims are time-barred. Notably, the Court has not yet scheduled a hearing on Smith & Wesson's two motions to dismiss, nor has any discovery been served in this case.

## Argument

As set forth below, Plaintiff's arguments in his proposed Reply are baseless. As such, the Reply would not aid the Court in its disposition of Plaintiff's motion for summary judgment, and Plaintiff's motion for leave to file the Reply should be denied.

### A. Smith & Wesson Has Never Stated That It Terminated Plaintiff's Employment While He Was On "Protected Leave."

Plaintiff's attempt to obtain summary judgment on his claim under the Massachusetts Paid Family and Medical Leave ("PFML") statute, M.G.L. c. 175M (Count V of his amended

[2] Contrary to his repeated assertions, Plaintiff was not terminated "while on" protected medical leave. To the contrary, Plaintiff's employment was terminated after his protected medical leave expired and he failed to return to work or provide medical documentation for an extension of his leave, despite being given numerous opportunities to do so.

complaint), should be dismissed out of hand. First, and as detailed in Smith & Wesson's pending motions to dismiss, Plaintiff's M.G.L. c. 175M claim is subject to a three-year statute of limitations. As Plaintiff missed the filing deadline for this cause of action, his PFML claim fails as a matter of law.

Moreover, Plaintiff's claim that undersigned counsel stated that he was terminated "while on protected leave" is false and reeks of bad faith. Counsel has made no such statement, and the timeline and documentary evidence compel the opposite conclusion.

On August 22, 2022, Smith & Wesson's third-party benefits administrator, The Standard, confirmed with Plaintiff that his leave of absence had been approved through September 5, 2022, and requested that Plaintiff submit a Return to Work Authorization. Tab A. appended hereto. Plaintiff did not respond. On August 30, 2022, Sharon Croteau, Smith & Wesson's Benefit's Specialist, left a voicemail for Plaintiff advising him that Smith & Wesson required a return-to-work note. Tab B, appended hereto. Again, Plaintiff did not respond.

On September 7, 2022, Ms. Croteau contacted the Standard and asked whether Complainant had requested a leave extension, as Plaintiff had not returned from his leave. Tab C, appended hereto. The Standard confirmed that no leave extension request had been received. (Id.) On September 8, 2022, Ms. Croteau sent Plaintiff a letter in which she requested a status update on Plaintiff's leave. Tab D, appended hereto. Ms. Croteau requested a response by September 22, 2022. (Id.) Plaintiff did not respond.

On October 4, 2022, The Standard advised Plaintiff that his request for an extended leave had been denied because Plaintiff had not provided updated medical documentation. Tab E, appended hereto.[3] On October 5, 2022, Smith & Wesson advised Plaintiff that his approved

[3] On September 15, 2022, The Standard acknowledged Plaintiff's prior request for an extension of his leave and requested additional medical information, which Plaintiff never provided. Tab F, appended hereto.

leave had expired and requested an update on his medical status. Tab G, appended hereto. Once again, Plaintiff did not respond.

Accordingly, on October 10, 2022, Smith & Wesson terminated Plaintiff's employment due to his failure to report to work after his approved leave had expired. Tab H, appended hereto. Tellingly, although Plaintiff claims he was still on "protected leave" at the time of his termination of employment, Plaintiff has never provided (and cannot provide) documentation to support this assertion, nor has undersigned counsel ever stated that Plaintiff was terminated while on protected leave under the PFML statute.

**B. Smith & Wesson's Rule 56(d) Affidavit Is Properly Before The Court.**

Plaintiff's assertions, in his proposed Reply, regarding the Rule 56(d) affidavit submitted by Smith & Wesson are similarly baseless.

As Plaintiff well knows, no discovery has been served or responded to in this case. As such, this is not a case where Smith & Wesson is looking to plug some holes in discovery.

Because there has been no discovery, ***there is no factual record presently before the Court*** on the basis of which summary judgment conceivably could be awarded. Before this case reaches that stage, Smith & Wesson is entitled to test Plaintiff's allegations through written discovery and depositions. The examination topics listed in counsel's Rule 56(d) affidavit represent only a small subset of potential areas of inquiry.

Moreover, there are two pending motions to dismiss before the Court. The majority of Plaintiff's claims are likely to be dismissed on limitations grounds, as Plaintiff failed to bring suit within the applicable statutory timeframes. Accordingly, the scope of this lawsuit will likely be narrowed significantly. Plaintiff's summary judgment motion is premature at best, and Plaintiff's proposed Reply does not change that.

## **Conclusion**

For the reasons set forth herein, Plaintiff's Motion For Leave To File A Reply Memorandum should be denied.

Respectfully submitted,

SMITH & WESSON INC.,

By its attorneys,

/s/ *Anthony L. DeProspo, Jr.*

Anthony L. DeProspo, Jr. (BBO #644668)
Allison L. Cheney (BBO #712941)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
(978) 623-0900 (Tel)
(978) 623-0908 (Fax)
(adeprospo@shpclaw.com)
(acheney@shpclaw.com)

August 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system, will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered parties this 24th day of August, 2026.

Alphonzia Jacobs, Jr.
140 Norfolk Street
Springfield, MA 01109
alphonzia413@comcast.net

/s/*Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr.