UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AUG 24 PM 2:05

ALPHONZIA JACOBS,

Plaintiff,

Case No. 3:26-cv-30045-MGM

v.

SMITH & WESSON INC.,

Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM**

Plaintiff Alphonzia Jacobs respectfully submits this reply to Defendant Smith & Wesson Inc.'s ("Smith & Wesson") Opposition to Plaintiff's Motion for Leave to File a Reply Memorandum. Plaintiff appreciates the Court's time and offers the following limited factual clarifications, drawn directly from the exhibits Defendant itself submitted in support of its Opposition.

**1. Defendant's Own Exhibits Confirm That Plaintiff Requested a Leave Extension.**

Defendant's Opposition states that Plaintiff "did not respond" to multiple communications concerning his leave status. Defendant's own Exhibit Tab F, however, is a letter dated September 15, 2022, from The Standard to Plaintiff that begins: "We have received your request to extend your planned leave dates." The letter goes on to document a requested extension through September 14, 2022. This exhibit, filed by Defendant, reflects that Plaintiff did in fact communicate with the leave administrator regarding an extension. Plaintiff respectfully submits that this is relevant to the Court's understanding of the sequence of events and should be considered alongside the characterization in Defendant's brief.

**2. Defendant's Internal Leave Records Describe a Documentation Dispute, Not an Absence of Contact.**

Defendant's Exhibit Tab E is an internal leave-status record maintained by The Standard. That record lists the period of September 6, 2022 through September 14, 2022 as "Denied," with the stated reason "No provider certificate was received by 9/30/2022." A denial premised on the timing or sufficiency of medical documentation describes a different set of facts than an employee who made no attempt to extend his leave. Plaintiff respectfully notes this distinction because it bears directly on the narrative Defendant's Opposition presents to the Court.

**3. Defendant's Own Exhibits Reflect Two Different Anticipated Return-to-Work Dates.**

Defendant's Exhibits Tab A, Tab B, and Tab C each reference an anticipated return-to-work date of September 6, 2022. Defendant's Exhibit Tab H (the termination letter) and the correspondence referenced in Tab D instead reference an anticipated return-to-work date of September 15, 2022. Plaintiff respectfully submits that this internal inconsistency, appearing across Defendant's own attached documentation, is a factual matter properly before the Court in evaluating the completeness of the record Defendant asks the Court to rely upon.

**4. The Timeliness of Plaintiff's M.G.L. c. 175M Claim Warrants Full Briefing.**

Defendant's Opposition asserts that Plaintiff's claim under M.G.L. c. 175M is barred by the applicable statute of limitations as a categorical matter. Plaintiff's employment ended on October 10, 2022, and this action was filed on October 20, 2025. Plaintiff respectfully submits that the accrual date for a PFML claim, and its interaction with the applicable limitations period, is a legal question that has not yet been fully briefed by either party and should not be resolved based on

Defendant's characterization alone. Plaintiff intends to address this issue, along with the points above, in a reply memorandum should the Court grant leave.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully submits that the factual record — including Defendant's own exhibits — contains matters that a reply memorandum would help clarify for the Court. Plaintiff respectfully requests that the Court grant his Motion for Leave to File a Reply Memorandum.

Respectfully submitted,
Alphonzia Jacobs
Plaintiff, Pro Se
140 Norfolk Street
Springfield, MA 01109
alphonzia413@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon counsel of record for Defendant, Anthony L. DeProspo, Jr. and Allison L. Cheney, Schwartz Hannum PC, 11 Chestnut Street, Andover, MA 01810, via the Court's ECF system and/or by first-class mail, this 24th day of August, 2026.

Alphonzia Jacobs